ROBERT WYLIE ET AL.
vs.  } MARCH TERM, 1851.
WILLIAM McMAKIN AND WIFE.

[CHANCERY PRACTICE—PARTIES TO A SUIT TO FORECLOSE A MORTGAGE.]

UPON a bill for the foreclosure and sale of mortgaged property, where the answer does not admit the claim stated, and insists upon other credits than those admitted by the bill, and where there would be difficulty in fixing upon the precise sum, by the payment of which, the defendant might prevent a sale, the case must be referred to the Auditor, for a preliminary account, before a final decree will be passed.

The rule is well settled, that if a portion only of the mortgaged debt is due at the time of the decree, the mortgagor or party holding the equity of redemption can prevent a sale, by bringing into court the amount due with interest, and costs, and the decree will be allowed to stand, to enforce payment of the balance with interest as it becomes due.

The general rule is, that all incumbrancers shall be made parties, whether prior or subsequent, and though cases may be found, where it has been held that a prior mortgagee need not be made a party, because his rights are paramount, it would not be safe, in the face of opposing authorities, of the highest respectability, to say, that such is the established law of this court.

The court of appeals in this state, have in no case decided that either a subsequent or prior mortgagee, *whose debt is due*, need not be made a party. If his debt is not due, his presence may, perhaps, be dispensed with, because there is no power in this court to compel him to take his money before it becomes due.

But if the debt secured by the first mortgage be due, then the desire of the court, in all cases to make a final settlement of the rights of all persons interested, strongly enforces the necessity of bringing him in as a party.

[The defendant, William McMakin, and a certain John F. Forrest, composing the firm of McMakin & Co. being indebted unto the complainants, being the several persons constituting the firms of Wylie & Wilson, Camper, Berkley & Bruff, Baugher, Buckey & Orndorf, Levering & Clark, Fite & Grinnel, Frederick Fickey & Sons, and Lewis Lauer, William Loney and William H. McLean, on the 21st July, 1848, executed their several promissory notes to the several complainants, for the amounts due them respectively, payable in six, nine, twelve, fifteen and eighteen months from that date, and to secure the payment thereof, the said William McMakin and Agnes his wife, on the 28th of July, 1848, conveyed, by way of mortgage, certain real estate, lying in Howard District, to Thomas Camper, one of the complainants, in trust, to hold the same as security for the prompt and punctual payment of these notes, a schedule whereof was thereto annexed, the said conveyance to be void upon the punctual payment and satisfaction of said notes, as they become due. On the 16th of May, 1849, the complainants filed their bill against McMakin and wife, stating the above facts, and charging that all of said notes which were payable at six months, had become due, and had not been paid, and praying for a sale of the mortgaged premises for the purpose of paying said notes, &c.

*The answer* of McMakin and wife to this bill, admits the execution of the deed to Thomas Camper, and charges that the negotiation with respondent, William, for executing said mortgage, was conducted solely by said Camper, acting for himself, and in behalf of the other complainants. That at first, respondent refused to give the mortgage, alleging that part of the property belonged to his wife, and that he would not suffer her to

sign any instrument of writing by which her property could be sold during her lifetime, and that said Camper then solemnly assured respondent, that if said deed were executed, the property should not be sold, nor should any attempt be made to sell it under said deed, in the lifetime of respondent's said wife, and upon the faith of these assurances and promises alone, was he induced to give the mortgage. That further, to secure the payment of said notes, respondent and the said John F. Forrest, at the same time the mortgage of the real estate was given, executed to said Camper, as trustee, a deed of mortgage of the store goods of said McMakin & Forrest, and that before the institution of this suit, on or about the 12th of January, 1849, the said Camper took possession of said goods. That the cost of these goods was $2,654 40, an amount which they were certainly worth, when taken by said Camper in his possession. That this amount far exceeds the amount of the said notes which fell due at six and nine months, which were the only ones due at the time of the institution of this suit, and that before the commencement of this said suit, said goods had been sold by said Camper. That one Francis Feelemyer holds a mortgage for $400 upon a parcel of said real estate, of an older date than the mortgage to Camper, and respondent is advised that before a decree should pass for a sale, the said Feelemyer should be made a party to this suit, as his debt is due, and his interest may be sold with that of the complainants, and that the sale of their interest would be injuriouslyi nfluenced by an outstanding lien upon the property. And the said Agnes says she was induced to sign the mortgage by the assurance of her husband, that said Camper had agreed with him, not to sell said land during her lifetime.

The deed of the goods, and mortgage to Feelemyer were proved under the commission, and the purport of the other evidence taken thereunder, is sufficiently stated in the opinion.]

————

THE CHANCELLOR:

This case is submitted upon an agreement of parties, and upon a written argument on the part of the complainants.

It is a bill for a foreclosure and sale of certain mortgaged premises, the mortgage having been executed to secure the payment of various promissory notes, falling due at different dates, and of these a schedule is annexed to the mortgage, which is exhibited with the bill, which was filed on the 16th of May, 1849, when a portion, but not all, of the notes had matured.

It appears by the answer, and by a copy of the deed filed among the proceedings in the cause, that on the day of the date of the execution of the mortgage, the said William McMakin and John F. Forrest, partners in trade, and who as such, were the makers of the notes designed to be secured by the mortgage, by way of more fully securing the payment of the money, executed to the same party, a bill of sale of their stock in trade and fixtures, in trust, as in the instrument is expressed.

These goods, it appears, have been sold by the grantee in the deed, for something upwards of nineteen hundred dollars, and of the purchase money there is now stated to remain due, about five hundred dollars.    The answer takes the ground, that the value of the goods, when they were taken possession of by the grantee, far exceeded the amount due upon the notes at the time the bill in this cause was filed; but there is evidence, that the price obtained for them by the grantee, was a fair one, and that the sale was made with advice and consent of the grantors.

Before the precise sum for which the real estate mentioned in the deed of McMakin and wife, should be decreed to be sold, can be ascertained satisfactorily, it appears to me necessary, there should be a decree to account.    The calculation may be rather a complicated one, or at all events, there would without an account, be some difficulty in fixing upon the precise sum, by the payment of which, the defendants might prevent a sale of the property.

The case is essentially different from that of *David et al.* vs. *Grahame*, 2 *Har. & Gill*, 94, where the court dispensed with a preliminary account, because the answer admitted distinctly the claim as stated in the bill, and claimed no credits, other than those which the bill set forth.

It is not now meant to be decided, whether if it shall appear

by the account, that no portion of the claims secured by the mortgage, was due when the bill was filed, the suit can be maintained. The rule appears to be well settled, that if a portion only of the mortgage debt is due at the time of the decree, the court will not permit the sale to proceed, if the mortgagor, or party holding the equity of redemption, comes before the sale and brings in the amount due, with interest and costs, and then the decree is allowed to stand, to enforce payment of the remaining debt, with interest, as it becomes due. *Campbell* vs. *Macomb*, 4 *Johns. Ch. Rep.*, 534. The matter here to be ascertained, is, whether any portion of this mortgage debt was due, when the bill was filed, and whether, if it should turn out upon the account, that none was due, this court can entertain the bill, because the maturity of the other notes, secured by the mortgage, shows that something is due at the time the court is called upon to pass a decree.

The answer of objects that the complainants can have no decree, unless Francis Feelemyer, who holds a prior mortgage upon a part of the property included in the mortgage to the complainants, is made a party, and this raises a question which may not be free from difficulty. The general rule certainly is, that all incumbrancers shall be made parties, whether prior or subsequent, and though cases may be found, where it has been held, that a prior mortgagee need not be made a party, because his rights are paramount, it would not be safe in the face of opposing authorities, of the highest respectability, to say, that such is the established law of this court. *Vide Story's Eq. Pl.* § 177, 178, and *note* 2, to the latter page, where the cases are collected.

I am not aware of any case decided by the Court of Appeals of this state, in which it has been held, that either a subsequent or prior mortgagee, *whose debt is due*, need not be brought before the court. If the debt of the absent mortgagee is not due, his presence as a party may, perhaps, be dispensed with, because you cannot force him to take his money before it is due. He may prefer to leave it out upon the security of the mortgage, and if he does so, I do not know that there is any authority in

this court to compel him to take it.    But if the debt secured by the first mortgage be due, then the desire of the court in all cases, to make a final settlement of the rights of all persons interested, strongly enforces the necessity of bringing him in.

Without meaning to pronounce a definitive opinion upon this question, I suggest it, merely for the consideration of the complainant's counsel, and will, for the present, let the case stand over, to enable him, if he chooses, to file an amended bill.  If he elects not to do so, I will sign a decree for an account, and reserve the question of parties, for the final hearing.

The defence taken in the answer of Mrs. McMakin, that there was a parol agreement that the land should not be sold during her lifetime, cannot be sustained.    There is, in the first place, no proof of any such agreement, and if there was, it would be inadmissible as varying, by parol, the terms of a written agreement.

---

Wm. H. Collins and R. W. Gill for Complainants.

E. Hammond for Defendants.

---

[By an agreement of parties, filed on the 13th of September, 1851, the administratrix of Feelemyer, the prior mortgagee, was admitted as a party to the suit, and a decree passed for the sale of such parts of the mortgaged property as was not included in the prior mortgage.]