## POPE *et al.* v. DURANT *et al.*

1. **Judgment**: FORECLOSURE FOR INSTALLMENTS : RES ADJUDICATA. The petition in a proceeding to foreclose a mortgage containing a power of sale, for installments of interest due, claimed that by reason of such non-payment and the provisions of the mortgage, the plaintiff had a right to foreclose for the principal sum. The decree rendered in such proceeding found that the interest was unpaid as charged, and judgment was ordered for the amount thereof, and for a foreclosure. It was not found that the whole mortgage debt was due by reason of the failure to pay such interest, as claimed in the petition, the decree being silent on this point, but containing this provision : " And it is hereby ·further decreed, that this decree and judgment is not to bar the commencement of further proceedings upon said note and mortgage to recover the interest that may accrue on the same or the principal sum, either in court or by advertisement and sale, provided the same are not paid at maturity." *Held*,

   1. That the right to foreclose for the principal sum before it fell due, by reason of the non-payment of installments of interest, was not adjudicated by the decree.

   2. That the right to thus foreclose for the non-payment of taxes was also not passed upon by the decree, there being no

claim of that kind made in the petition, nor mentioned in the decree.

2. **Mortgage:** FORECLOSURE FOR INSTALLMENTS : INTEREST AND TAXES. The right to foreclose and sell for the principal sum secured by a mortgage, on account of the non-payment of interest or accruing taxes, exists and may be exercised when, by the terms of the mortgage, it is stipulated, that in case of such non-payment the mortgagee may proceed to sell the premises, pay the debt from the proceedings arising from such sale, rendering the surplus, if any, to the mortgagor.

3. —— SALE UNDER A POWER. In a proceeding to set aside and have declared void a sale of real estate made by the mortgagee under a power of sale contained in the mortgage, and which was to be exercised in case of the breach of certain conditions, it will not be presumed, in the absence of either averment or proof, that the contingency upon which the right to sell was to arise, had not occurred.

*Appeal from Jackson District Court.*

WEDNESDAY, DECEMBER 16.

BILL TO REDEEM. — These facts appear from the petition : Thomas W. Pope, plaintiff's ancestor, on the 1st of May, 1858, made his note to the defendant, Thomas Durant, for the sum of $1,269, payable May 1, 1866, with ten per cent, payable annually, on the 1st of January. To secure this note, said Pope made a mortgage upon 160 acres of land, with a power of sale containing this provision : " In case of non-payment of said note, or any part thereof, at the time above limited for the payment thereof, or in case of non-payment of any taxes that may be assessed on the said premises before sale thereof for said taxes, then, and in that case, it may be lawful for the said Durant * * * and the said Pope hereby covenants and agrees, and, by these presents, empowers, etc., the said Durant, his heirs, * * * to grant, bargain, sell, * * * the premises, etc., at public auction or vendue, and, on such sale, to make and execute to the purchaser a good

and sufficient deed of conveyance, * * * rendering the surplus, if any, etc." In March, 1861, Durant filed his petition in the proper court, asking a foreclosure of this mortgage, claiming that the interest due by its terms on the 1st of January, 1859, '60 and '61, was unpaid, and, as a consequence, that he had a right to foreclose for the principal sum. On the hearing of that case, in September, 1861, it was found, that the interest was unpaid as charged, and judgment was thereupon entered for the amount thereof, and for a foreclosure. It was not found, that the whole mortgage debt was due, by reason of the failure to pay such interest, but the decree contains this provision: "And it is hereby further decreed, that this decree and judgment is not in any manner to prevent or bar the institution or commencement of further proceedings upon said note and mortgage to recover the interest that may accrue on the same, or the principal, either in court or by advertisement and sale out of court, provided the same are not paid at maturity. This judgment and decree, relating only to the interest mentioned, which has accrued on the said note secured by said mortgage."

The proceeding to foreclose was after the death of Thomas W. Pope, but it is conceded that all proper and necessary parties were made defendants. In January, 1862, the sheriff sold and Durant purchased under a special execution upon this decree, forty acres of the mortgaged premises, a deed being executed in due form. In February, 1862, the mortgagee proceeded by due notice and publication to advertise the balance of said property for sale — said notices containing, among others, the following recitations: The non-payment of interest due January 1, 1862, as also the taxes for 1859 and 1860; that said land had been sold for road taxes; that the principal sum was still unpaid; that by the terms of the mortgage the failure to pay the interest and said taxes

before such sale, authorized the mortgagee to sell said premises at public auction, — therefore, for the purpose of making the sum mentioned in the note, to wit, $1,269 and the interest since January 1, 1861, and costs of sale, the mortgagee would, on, etc., sell, etc. (describing the one hundred and twenty acres), or so much thereof as shall be necessary to make said sum, at public auction, etc. The sale was made accordingly; the land put up in forty acre tracts, and purchased by the defendant Hunter, for $1,400. In March, 1863, Hunter sold a portion of the land to the defendant Prusia. The petition in this case was filed in October, 1868; charges Hunter and Prusia with notice; claims that the sale of the one hundred and twenty acres was void; made without authority; asks an accounting; offers to pay whatever is found to be due, etc.

Defendants demurred, in substance, upon the ground that the facts stated did not entitle plaintiffs to the relief claimed or any other. The demurrer was sustained, and plaintiffs appeal.

*W. E. Leffingwell* for the appellants.

*Ellis Brothers* and *A. R. Cotton* for the appellee.

WRIGHT, J. — The property was duly advertised for sale by the mortgagee. There is no suggestion that it did 1. JUDGMENT: not sell for a full and round price. Nor is foreclosure for installments: there any pretense of fraud or unfairness in *res adjudicata.* conducting said sale. But it is claimed, *first,* that the right to foreclose for the whole or any part of the debt before the note fell due was adjudicated against the mortgagee in the foreclosure proceeding, and was thus put forever at rest, etc.

In this construction we can not concur. The decree upon which appellants rely, at most, only held that

Durant was not entitled to a *judgment* for the whole debt for the non-payment of the accruing interest. There is certainly nothing by the remotest inference indicating that the land might not be sold for a failure to meet these annual installments. The language "this decree is not to prevent the commencement or institution of further proceedings either in or out of court to recover interest or principal, *provided the same are not paid at maturity,*" and upon which appellants rely to sustain their position, would seem to us to be in perfect accord with the power to sell "out of court" for a breach of the conditions of the mortgage. The right to sell for the failure to pay interest was clear enough without this language. The decree does not impair any right — certainly none as to which it is silent. Its object most clearly was to protect the mortgagee in all his rights under his mortgage, precisely as though he had not instituted the foreclosure proceedings. For it is expressly ordered, as though to cut off all controversy, that the judgment shall not bar the commencement of further proceedings in court, or "by advertisement and sale out of court," to recover the interest that might accrue — said judgment "relating to interest as above mentioned which has accrued on said note." The language limits the otherwise possible effect of the decree, and not the power under the mortgage. Indeed, it is not an unfair construction of the decree — in view of the language "this judgment relating only to interest * * * which has accrued on said note" — that the court never passed upon the effect of the non-payment of the interest upon the mortgagee's right to claim the whole sum to be due. But this view we do not discuss; for it was certainly held and adjudged that the creditor was entitled to enforce a sale for the interest then due. And the right to sell for interest that might afterward accrue "by advertisement and sale out

of court," so far from being denied or prohibited, is in terms recognized.

If in this we are mistaken, however, there can be no doubt of the power to sell for the *non-payment of taxes* before the sale of said land for said taxes.

2. MORTGAGE: foreclosure for installments: interest and taxes.

But here again it is insisted, secondly, that there is nothing to show that said taxes were unpaid; that there is no answer setting up the fact. And in this connection it is further claimed that this question was before the court in the foreclosure proceeding, or if not it should have been, for that the mortgagee by failing to present his whole claim, must be considered as having abandoned and cannot now claim the benefit of it. To this view there are two answers. The first, is that the mortgagee made no claim for taxes in the other case, nor does he now. He did not then claim that the land had been sold for taxes. There was no claim of a breach, nor of a right to foreclose upon this ground. There was therefore no question of this kind, directly or indirectly, before the court. But the second, and, if possible, more conclusive one, is, that the land had not then been sold. This is incontrovertibly true as to the taxes of 1860. For as to these, there could be no sale before October, 1861, and the decree of foreclosure, it will be remembered, was rendered in September of that year.

As to the suggestion that there is nothing to show that the land had been sold for taxes, we answer, that the deed to Hunter, made by the mortgagee pursuant to the sale, as also the notices of sale, explicitly recite this fact. The plaintiffs' petition in this case in no manner denies it. They are asking affirmative relief. They seek to establish or show that there had been no breach of the conditions of the mortgage, and, hence, no power to sell. In the absence of averment it will not be presumed in favor of plaintiffs and against the

3. —— sale under a power.

power exercised by the trustee, that the contingency upon which the right to sell was to arise had not occurred. And especially so when the plaintiffs' petition contains copies of the notice and deed, of which notice due service was made upon them, and which recites in express terms that the land had been sold for taxes for the years 1859 and 1860.

If such sale for taxes had been averred by the mortgagee and based thereon he was asking affirmative relief, then, if denied, he would, of course, have to establish such breach. Here, however, the burden is upon the mortgagee, or those claiming under him. And as they would be required to prove, to defeat the sale on this ground, that there was no such breach, they must, of course, aver it in the petition. At least, upon demurrer, nothing should be presumed against the validity of the sale.

It is true that the notice to the heirs (the present plaintiffs) stated that the sale would be made *for the purpose of making the amount mentioned in the note* ($1,269) *with interest from the first day of January*, 1859. But it recited in clear and explicit terms the non-payment of the taxes, and that the right to sell was claimed to arise from such breach. And this we think is the fair and only reasonable construction of the language used. The duty to pay the taxes devolved by the express terms of the mortgage upon the mortgagor. It was not even provided as is usual in such instruments, that, upon the default of the mortgagor to pay taxes, the mortgagee might pay, having a lien for the same. But the parties agreed, that, if the taxes were not paid before sale, the mortgagee might then, and in that case, "lawfully sell the premises at public auction, make a deed, rendering the surplus, etc." This did not contemplate the payment to the mortgagee from the proceeds of the sale, the taxes

advanced or paid, rendering to the mortgagor the surplus over and above such advance; but by reason of such breach or failure the power to sell arose, and *after paying the debt* the surplus, if any, was to go to the mortgagor. If this is not so then the language used is without meaning, has nothing upon which to operate, nothing to which it can fairly or reasonably apply.

The power given was not to sell for sufficient to pay "what was due at the time of the sale." If so, then we would concede, that a sale for an installment due, and one to become due, would be void. It is rather like the case where the trustee is authorized to sell in default of the payment of interest. There the sale is valid though the principal is not yet due. So held in *Richard* v. *Holmes*, 18 How. 143. Here the power to sell for the non-payment of taxes, was intended to cover more than accrued interest. The parties made their own agreement, and while the power to sell is derived from the instrument itself, it is equally true, that where it has been fairly made, the courts have no right to make another agreement for them. No power to say, that it would have been better if they had incorporated other terms and conditions. And nothing is clearer than that the object and design of the parties should be kept in view in determining the extent and nature of the power conferred. Holding, as we do, that they intended and contemplated that the trustee might sell for the non-payment of the taxes, that by their agreement the power could then be exercised precisely as though there was default in paying the principal debt at its maturity, we are forced to the conclusion, that plaintiffs have no right to redeem. We need hardly say, that what is said about notice to the purchaser (Hunter) and his grantee (Prussia) can only relate to knowledge of the defects of which appellants complain in their petition. They were bound of course

to know and understand the extent of the power under which the mortgagee acted, and to see that its terms were complied with. This rule is fundamental. But as we have seen that the power was complied with, there was no defect with or without notice, which could affect their title.

The demurrer was properly sustained.

Affirmed.