NELSON HAWKINSON vs. PATRICK J. BANAGHAN & another.

Worcester.    October 5, 1909. — November 27, 1909.

Present : KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Mortgage*, Of real estate, Construction, Foreclosure, Redemption.

A mortgage of real estate, which secured the payment of a certain sum of money
with interest in periodical instalments, contained a provision that, until default,
the mortgagor and his heirs and assigns might hold and enjoy the granted
premises and receive the rents and profits thereof, and, while it gave the mort-
gagee a power of sale upon default in the performance of its condition, it did
not contain a stipulation that, upon a default in the payment of any instalment,
the whole amount should become due immediately.  The mortgagor having
failed to pay an instalment, the mortgagee entered upon the premises, began the
collection of rents and began arrangements for a foreclosure sale, which acts
the mortgagor by a bill in equity sought to enjoin, after having offered to pay
all instalments of principal and interest then due.  The mortgagee insisted upon
payment forthwith of the entire amount of the debt secured by the mortgage.
*Held*, that the rights of the parties depended upon their contract and that, upon
payment by the mortgagor of such part of the mortgage debt as then was due,
with such costs as might be allowed by the court, due credit having been given
for the rents received by the mortgagee, the mortgagor should be restored to
his right of possession under the mortgage.

Where a deed of mortgage of real estate, which was given to secure the payment
of a certain amount of money in instalments, contained no provision that, upon
a failure to pay an instalment of principal or interest, the entire amount of the
debt should become payable immediately, a provision therein that, " upon any
default . . . the grantee . . . may sell the granted premises, . . . and out of
money arising from such sale the grantee or his representatives shall be entitled
to retain all sums then secured by this deed, whether then or thereafter pay-
able, including all costs, . . . rendering the surplus, if any, to me or to my heirs
or assigns," is one that may be rendered inoperative, even after a default in the
payment of an instalment, by the payment of the amount which is then due
and payable, the mortgagee thus being put in the same position as if there
had been no default.

BILL IN EQUITY, filed in the Superior Court on April 6, 1909,
alleging that the plaintiff was the mortgagee in a certain mort-
gage of real estate given by the defendant, that he had entered
upon the mortgaged premises for the purpose of foreclosing,
had given notice to tenants that they should pay rent to him,
and had started foreclosure proceedings under the power of sale
in the mortgage ; and that the defendant had interfered with the
plaintiff in the collection of the rents.  The prayers of the bill
were that the defendant might be enjoined from further inter-
fering with the plaintiff in the collection of the rents and that

he might be ordered to sign and deliver to the plaintiff a written order addressed to each tenant and directing that rent be paid to the plaintiff; also a

CROSS BILL IN EQUITY, wherein the defendant alleged that the mortgage mentioned in the foregoing bill was to secure the payment of a note for $2,027.30 in instalments, $500 in six months and $100 each six months thereafter until the whole was paid, the note bearing interest at six per cent per annum payable semiannually and the mortgagor having the privilege of paying at any time the whole or any part of the principal then due, that the first instalment of principal had not been paid pending the adjustment of a disagreement between the parties as to the title, but that the interest had been paid, that the defendant had offered (and continued his offer in the cross bill) to pay what principal and interest then were due on the note, but that the plaintiff refused to accept such payment and demanded the payment of the whole of the principal of the mortgage " and utterly refuses to accept payment in instalments as called for in said mortgage." The prayers of the cross bill were for an accounting and that, " upon the defendant paying to the plaintiff the sum, if any, which shall so be found due upon the mortgage, the defendant shall have possession of the premises comprised in said mortgage to hold the same discharged of said mortgage, or thereunder subject to the terms thereof."

The case was heard by *Dana,* J., who ordered a decree in accordance with the prayers of the bill and, upon request by the defendant, made a report of facts found by him. The material facts are stated in the opinion. The defendant appealed.

*B. W. Potter,* for the defendant.

*J. S. Gould,* for the plaintiff.

KNOWLTON, C. J. This is a bill to enforce the plaintiff's rights under a mortgage against the defendant as mortgagor. The plaintiff made an open and peaceable entry upon the premises for the purpose of foreclosing the mortgage for a breach of the condition thereof, and the defendant interfered with the plaintiff's collection of rents from the tenants in occupation. The bill was brought to enjoin the defendant from collecting the rents or interfering with the plaintiff in his collection of

them. A cross bill to redeem was afterwards filed by the defendant, and an appeal was taken from the final decree protecting the plaintiff in his rights and giving the defendant a right to redeem upon the terms therein stated. The questions that arise upon the appeal relate to the defendant's attempt to redeem under the cross bill.

From the report of facts filed by the judge under the R. L. c. 159, § 23, it appears that there was a breach of the condition of the mortgage in the failure to make certain payments that were due, and the plaintiff thereupon made an entry to foreclose, and advertised the property for sale under a power contained in the mortgage. The mortgage debt was payable by instalments, most of which had not become due. The defendant contended that he was entitled to redeem, and have the sale enjoined and be reinstated in his former possession, upon payment of the sums which had become payable. The plaintiff contended that he could redeem only by paying the whole amount covered by the mortgage. Upon this contention the judge ruled in favor of the plaintiff, and this ruling presents the only question before us.

The rights of the parties in this particular depend upon their contract. When there is no language in the mortgage touching the subject other than the statement of the time when the instalments become payable, and when the only breach of condition is a failure to pay an early instalment before others have become due, we are inclined to hold, notwithstanding the language at the end of c. 187, § 27, of the Revised Laws, that a mortgagor in default may be relieved of the consequences of his neglect and be restored to his former rights upon payment of the amount then due and payable, with the costs that have accrued. Courts of equity have general jurisdiction of the redemption of mortgages, and to relieve from forfeitures. R. L. c. 159, §§ 1, 2 ; c. 187, § 22. *McCombs* v. *Elmes*, 197 Mass. 19. *Mactier* v. *Osborn*, 146 Mass. 399. *Gordon* v. *Richardson*, 185 Mass. 492. Generally in suits for redemption, the whole amount payable under the mortgage is paid, as one of the terms of relief. But if the mortgagee declines to receive payments before they are due, the court, upon payment of the instalments that have accrued, will make a special decree to stop foreclosure and protect the rights of the parties. *Saunders* v. *Frost*, 5 Pick. 259.

*Adams* v. *Brown,* 7 Cush. 220, 223.   The same principle ought
to apply in a case where the mortgagor is unable or unwilling to
make payments before they are due.   It has been applied by other
courts.   *Caufman* v. *Sayre,* 2 B. Mon. 202.   *Peyton* v. *Ayres,*
2 Md. Ch. 64, 67.   *Wylie* v. *McMakin,* 2 Md. Ch. 413, 417.
*Lansing* v. *Capron,* 1 Johns. Ch. 617, 619.   *Campbell* v. *Macomb,*
4 Johns. Ch. 534, 536.   *Holden* v. *Gilbert,* 7 Paige, 208.   Under
a mortgage in the common form, without a power of sale, such
a decree would leave the mortgagee in possession, with a right
to receive the rents and profits.   But if there is a provision,
such as appears in this mortgage, leaving the mortgagor in pos-
session of the premises until default in the performance of the
condition, the decree for redemption will protect him in the ex-
ercise of that right.   The language is as follows:  " It is agreed
that, . . . until default in the performance or observance of the
condition of this deed, I and my heirs and assigns may hold
and enjoy the granted premises and receive the rents and profits
thereof."   We are of opinion that this provision applies to a
case where there has been a default, and afterwards a redemp-
tion from the effect of the default, so that the mortgagee is put
in the same condition as if there had been no default.   Upon
such redemption the mortgagor should be restored to his original
rights.

     In mortgages with a power of sale it is not unusual to pro-
vide that, upon default in the performance of the condition,
the whole amount secured by the mortgage shall immediately
become payable.   Such a provision is legal and binding.   Jones
on Mortgages, (6th ed.) § 1180.   *Pope* v. *Durant,* 26 Iowa,
233, 239.   *Richards* v. *Holmes,* 18 How. 143.   In this mortgage
there is no agreement in these terms, but there is language
which the mortgagee contends is the same in legal effect, as
follows:  " Upon any default . . . the grantee . . . may sell the
granted premises, . . . and out of money arising from such sale
the grantee or his representatives shall be entitled to retain all
sums then secured by this deed, whether then or thereafter pay-
able, including all costs, . . . rendering the surplus, if any, to me
or to my heirs or assigns."   This presents the question whether
the parties intended by this provision to give the mortgagee an
absolute right, upon default of the mortgagor, to have the whole

amount of his debt by the sale of the property, if it would bring enough to pay the debt, unless the mortgagor prevented the sale by a redemption and a payment of the whole amount, so that, after a default and a redemption before the sale, the mortgagee would be in the same position as to the payment as if the sale had taken place ; or whether it is a provision which may be rendered inoperative by the payment of the amount which is then due and payable, thus putting the mortgagee in the same position as if there had been no default. We think it is more consistent with the principles of equity jurisprudence, and especially with the doctrine of equitable relief from forfeitures, to give the language the construction last stated, and to hold that the provision for the retention of the whole amount secured by the mortgage was intended to have no effect except in the case of an actual sale. If the provision is construed strictly, it relates only to conditions after a sale has taken place. It does not purport to change the rules of law that determine when and on what terms such a sale can be prevented by a payment. The language can be given full effect by treating it as expressly providing for the disposition of the proceeds when a sale has taken place before the whole amount secured is payable. Without such a provision it might at least be doubtful whether any instalments could be paid from the proceeds of the sale before the time prescribed for their payment, and whether the mortgagee, after satisfying himself for an overdue instalment, would not be obliged to hold the balance of the money as security for the other instalments. We are of opinion that this language is not equivalent to an agreement that, upon default in the payment of any instalment, the other instalments shall immediately become payable.

It follows that the plaintiff in the cross bill is entitled to have the property redeemed from the effect of the default, and to be restored to his right of possession under the mortgage, upon payment of the amount already due and payable, with such costs as may be allowed in the Superior Court, due credit being given for rents and profits received by the mortgagee. If the parties fail to agree upon the amount to be paid an account must be taken before a master.

*Decree reversed.*