Truchon v. Mackey.

## BENJAMIN A. TRUCHON, Defendant in Error, v. GEORGE C. MACKEY, Trustee, Plaintiff in Error.

**St. Louis Court of Appeals, February 4, 1913.**

1. **MORTGAGES AND DEEDS OF TRUST: Covenant to Pay Taxes: "Agreed."** A provision in a deed of trust, that the mortgagor "has also agreed with the *cestui que trust* to cause all taxes imposed upon the property to be paid within the time required by law," is an express covenant on the part of the mortgagor to pay the taxes; the word "agreed" implying a meeting of the minds or that one binds himself to act or fulfill the agreement.

2. **COVENANTS: How Created.** No particular form of words is necessary to create an express covenant, but any words importing an agreement are sufficient.

3. **MORTGAGES AND DEEDS OF TRUST: Covenant to Pay Taxes: Validity.** A covenant in a deed of trust by which the mortgagor agrees with the *cestui que trust* that he will pay the taxes is valid.

4. **————: Breach of Covenant to Pay Taxes: Power of Trustee to Sell Property.** Where a deed of trust contained a covenant by which the mortgagor agreed to cause all taxes imposed on the property to be paid within the times required by law, and gave the trustee power to sell the property on default in the fulfillment of any of the covenants contained in it, the trustee had power to sell on the failure of the mortgagor to pay taxes imposed on the property at the time they became due and payable, notwithstanding there was no provision in the deed of trust that the entire debt would become due on the failure of the mortgagor to pay taxes.

Error to St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED AND REMANDED.

*Watts, Gentry & Lee,* for plaintiff in error.

(1) The petition fails to state a cause of action. (2) The deed of trust as charged in the petition con-

tains an express covenant and agreement that the mortgagor shall pay all taxes lawfully assessed against the mortgaged premises. Rumsey v. Railroad, 154 Mo. 215; Cannock v. Jones, 3 Exch. 233; Montford v. Cadogan, 19 Ves. Jr. 635; Bower v. Hodges, 13 C. B. 765. (3) A stipulation in a deed of trust that the mortgagor shall pay all taxes assessed against the mortgaged property, and that in case of default thereof the mortgagee may at his option declare the entire debt due and instruct the trustee under an express power of sale to make a public sale of the premises to satisfy the taxes and debt, is valid and enforcible. Jones Mortgages (6 Ed.), secs. 77 and 1175; 27 Cyc. 1254, 1451; Rumsey v. Railroad, 154 Mo. 215; Horrigan v. Wellmuth, 77 Mo. 542; Gooch v. Botts, 110 Mo. 419; Phillips v. Bailey, 82 Mo. 639; Phefinghauser v. Schearer, 65 Mo. App. 348; Meier v. Meier, 105 Mo. 411; Dalton v. Eaves, 92 Mo. App. 72; Brown v. Brown, 124 Mo. 79; Burnes Est. v. Ayr Lawn Co., 82 Mo. App. 66; Stanclift v. Norton, 11 Kan. 218; Ellwood v. Walcott, 22 Kan. 526; O'Connor v. Shipman, 45 How. Pr. 126; Parker v. Olliver, 106 Ala. 549; Lawler v. French, 104 Va. 140; Brickell v. Batchilder, 62 Cal. 623; Gustav Assn. v. Kratz, 55 Maryland 394; Condon v. Maynard, 71 Md. 601.

*H. A. Yonge* and *John W. Benstein* filed argument for defendant in error.

NORTONI, J.—This is a suit in equity for injunctive relief. The finding and judgment were for plaintiff, who is defendant in error here, and defendant in the suit, who is plaintiff in error, prosecutes a writ of error here.

The important question for consideration relates to the right of a trustee to exercise the power of sale vested in him by a deed of trust, on demand of the *cestui que trust,* for a breach of the mortgagor's coven-

ant to pay taxes accrued on the mortgaged premises. The circuit court denied the right and decreed a per-' petual injunction against the exercise of the power of sale for the breach of the covenant mentioned.

By his deed of trust, in the usual form, of date June 1, 1907, and duly recorded, plaintiff in the suit (defendant in error here) conveyed to .Charles J. Burde, of the city of St. Louis, Missouri, as trustee, a parcel of real estate, therein described, to secure the payment of a cash loan in the amount of $2200 and interest thereon, evidenced by certain promissory notes, therein described, payable to Conrad Kraft, Jr. Afterwards defendant in the present suit, and plaintiff in error here, was substituted instead of Burde as trustee in the deed of trust, and thereby clothed with all of the powers conferred in that instrument. The principal note described in the deed of trust in the amount of $2200 is, by its terms, payable three years after date, and the remaining six notes were for semi-annual installments of interest on the principal sum, in the amount of $66 each, and payable, respectively, six, twelve, eighteen, twenty-four and thirty-six months after date.

It is stipulated in the deed of trust that "when any one of said notes, whether of interest or principal, became due and payable and should remain unpaid, then all of such notes should become due and payable, whether due on their face or not, to secure the payment of which said notes the party of the first part has executed this deed of trust." The deed of trust stipulates that the plaintiff mortgagor "has also agreed with said third party (the holder of the notes), his indorsees and assigns, to cause all taxes and assessments, general and special, to be paid whenever imposed upon said property, and within  the time required by law, and also to keep the improvements upon said premises constantly and satisfactorily insured, until said notes are all paid, against fire, lightning and

gasoline, in the sum of $2500, and against windstorms, tornadoes and cyclones, in the sum of $1500, and the policy or policies therefor to keep constantly assigned unto the said party of the second part, for further securing the payment of said note, and the same apply towards the payment of said notes, unless otherwise paid, when they become due as aforesaid. And the said party of the first part hereby guarantees to the said party of the third part, that the said property herein described is free and clear of mechanics' liens; and said party of the first part further agrees that, in case any liens should hereafter be filed against said property, after the execution of this trust, then, and in that case, said liens so filed shall have the same force and effect as if any one of said notes, hereinbefore described, shall have become due and payable, and all the covenants and agreements herein provided shall be in full force and effect; and carried out as if said notes were actually due and payable. And in the event of the said party of the third part, or his assigns or legal representatives, or the party of the second part, or his successors in trust, shall expend any money to protect the title or possession of said premises, or for such insurance as aforesaid, then all such money so expended shall be a new and additional principal sum of money secured by this instrument and shall be payable on demand, and may be collected with interest thereon at the rate of eight per centum per annum, from the time of so expending the same. Now, therefore, if the said party of the first part or his legal representatives or assigns, shall well and truly pay, or cause to be paid, unto the holders thereof, respectively, all and singular the said promissory notes above mentioned at maturity thereof, respectively, according to the tenor of the same, and shall well and truly keep and perform all and singular the several covenants and agreements hereinbefore set forth, then this trust shall cease and be void and the property

hereinbefore conveyed shall be released at the cost of the said party of the first part; but if either one of said notes or any part thereof, be not so paid at maturity, according to the tenor of the same, *or if default be made in the due fulfillment of said covenants and agreements, or either of them,* then this conveyance shall remain in force, and said party of the second part, or, in case of his death or absence from the city or any other disability, or refusal to act, his successor in this trust may proceed to sell the property hereinbefore conveyed or any part thereof, at public vendue or outcry, etc., etc.'' (Italics are our own.)

There was no default in the payment of any of the notes described in the mortgage or any part thereof at the time the defendant trustee (plaintiff in error) advertised the property for sale in conformity to the requirements of the deed of trust. However, it appears conclusively, and the court found, that on the twelfth day of January, 1910, and before the advertisement, there were certain general and special taxes assessed against the real estate described in the mortgage that were then due and payable and that such general and special taxes had not been paid when they became due. Because of the default of the plaintiff with respect to the nonpayment of such general and special taxes then past due, defendant trustee, at the request of the legal holder of the notes, proceeded to advrtise the premises for sale under the terms of the deed of trust. The proposed sale by the trustee is predicated solely and alone on the default of the mortgagor with respect to the payment of general and special taxes duly assessed against the property and at the time past due. By its decree the court declared ''that no valid sale can be made under the powers contained in the said deed of trust on account of a default in the payment of the general and special taxes levied and assessed against said real estate'' and therefore perpetually enjoined the sale ''on account of a default in

the payment of the general and special taxes assessed
against said real estate.''

In support of this judgment, it is argued that, prop-
erly construed, the deed of trust confers a power of
sale upon the trustee for only such a breach as would
cause the debt secured thereby to become due, and
that these breaches are defined in the instrument to
be, first, default in payment of any one of the notes or
a part thereof when due; second, the allowance of a
mechanic's lien to be filed against the property; third,
the expenditure of any money to protect the title or
possession of the premises; or, fourth, for insurance
thereon. It is true the deed of trust is more specific
with respect to exercising the power of sale for a
breach of any one of these covenants than it is as to
others; but, be this as it may, it is entirely clear that
it contains other distinct covenants and confers the
power of sale on the trustee in event they are breached.
In plain terms, the plaintiff mortgagor covenanted as
follows: ''The party of the first part . . . has
also agreed with said third party . . . to cause
all taxes and assessments, general and special, to be
paid.'' The word ''agreed'' implies a meeting of the
minds or that one binds himself to act or fulfill such
agreement. No one can doubt that these words con-
stitute an express promissory covenant on the part
of the mortgagor with respect to the payment of tax-
es, both general and special. No particular form of
words is necessary to create an express covenant. Any
words importing an agreement are sufficient. [See
Cannock v. Jones, 3 Exch. 233; Montford v. Cadogan,
19 Ves., Jr., 635; Bower v. Hodges, 13 C. B. 765.] The
subject-matter—that is, that such taxes shall be paid
within the time the law requires—is one about which
it is competent for the parties to contract and it was
eminently proper for them to do so. [See Rumsey v.
People's Ry. Co., 154 Mo. 215, 246, 247, 55 S. W. 615.]
It is true there is no stipulation in the deed of trust

here in judgment providing that the entire debt shall become due upon the failure of the mortgagor to keep his covenant with respect to the payment of taxes. But that is unimportant, for the deed in express terms confers a power of sale upon the trustees for a breach of any one of the covenants therein contained, and this includes that pertaining to payment of taxes. The deed provides "if either one of said notes or any part thereof, be not so paid at maturity, according to the tenor of the same, *or if default be made in the due fulfillment of said covenants and agreements, or either of them,* then this conveyance shall remain in force and said party of the second part" may sell the property, etc. etc. Obviously these words conferred power of sale upon the trustee for a breach of any one of the covenants above set forth, including the default as to the payment of taxes.

Such covenants for the payment of taxes and provisions in deeds of trust authorizing a sale of the property for their nonobservance alone are frequently before the courts for review and are upheld. Mr. Jones, in his work on Mortgages (6 Ed.), sec. 1175 says: "It is very generally provided by the terms of the mortgage that the mortagee shall have the right to sell on the failure of the owner to pay the taxes assessed on the premises, and in such case a default in this particular gives the right to sell as effectually as when the default consists in the nonpayment of the principal sum secured." To the same effect, see Pope v. Durant, 26 Ia. 233; Condon v. Maynard, 71 Md. 601, 605. Another modern and standard authority says: "Moreover, it is competent for such a covenant to provide that a default on the part of the mortgagor to pay the taxes shall constiutte a breach of the condition of the mortgage, so as to authorize a foreclosure, although there be no default in the payment of the mortgage debt or interest." [27 Cyc. 1254, 1255.] As touching upon the same question, see

also Rumsey v. People's Ry. Co., 154 Mo. 215, 55 S. W. 615; Harrington v. Christie, 47 Ia. 319; Hartsuff v. Hall, 58 Neb. 417; Stanclift v. Norton, 11 Kan. 218; Parker v. Olliver, 106 Ala. 549.

It is entirely clear that the deed of trust conferred power upon the trustee to sell the property for the mortgagor's default with respect to the payment of the general and special taxes then due and unpaid, and the court erred in enjoining the sale.

We have examined the other matters put forward in the brief of defendant in error, but regard them without sufficient merit to warrant a discussion in the opinion. The judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.