GUISEPPA ROTONDO *et. ux., vs.* LUIGI GEREMIA.

DECEMBER 5, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Mortgages. Equity. Appeal.*

On an appeal in an equity proceeding under cap. 289 sec. 30, Gen. Laws, 1909, new testimony cannot be presented.

*(2) Mortgages. Foreclosure. Taxes.*

It is competent for a covenant in a mortgage deed to provide that a default on the part of mortgagor to pay the taxes shall constitute a breach of the conditions of the mortgage so as to authorize a foreclosure although there be no default in the payment of the principal or interest.

*(3) Mortgages. Payment of Taxes. Foreclosure.*

Where a mortgage provided that mortgagor should pay all taxes assessed upon the mortgaged property, and a levy had been made upon the property for non-payment of tax, there was a breach of the condition to pay the taxes.

BILL IN EQUITY to set aside mortgagee's sale. Heard on appeal of respondent and sustained.

SWEENEY, J. This bill in equity is brought to set aside a mortgagee's sale of real estate. After a trial in the Superior Court final decree was entered ordering the sale set aside. The respondent has duly prosecuted his appeal from said decree and assigns as reasons therefor that it is against the law and evidence.

It appears in evidence that on the 20th day of May, 1922 the complainants executed and delivered to the respondent a second mortgage upon said real estate to secure their note payable one year after date, with interest payable semi-annually in advance; that February 21,

1923 the respondent first advertised said mortgaged property for sale at public auction, for breach of the conditions contained in said mortgage, and purchased it at the sale, March 15, 1923.

The complainants aver in their bill of complaint that they performed all of the conditions named in said mortgage deed and that the respondent had no right to foreclose the mortgage. The respondent's answer denies that the complainants performed all of the conditions contained in their mortgage deed. The issues of fact filed by the parties raised the questions whether the interest was in arrears at the time of the sale and whether the complainants had performed each and all of the conditions contained in said mortgage deed.

The trial justice found that the interest had been paid and that the complainants had performed each and all of the conditions named in the mortgage deed and that there was no breach in the conditions thereof. He also found that the city tax was due and payable at the time the respondent advertised the property for sale, and ordered the complainants to pay it before entering the decree permitting them to redeem said mortgaged property.

The respondent now claims that the weight of the testimony proves that the interest was in arrears at the time of the foreclosure sale. The testimony on this issue is conflicting, and as it is not clear that the finding of the trial justice is erroneous, the claim cannot be sustained.

The respondent also claims that the trial justice erred in finding that the complainants had performed each and all of the conditions and covenants contained in said mortgage deed.

The undisputed testimony shows that the city tax assessed against the mortgaged property was payable on or before October 23, 1922, and that it had not been paid at the time of the trial, April 25, 1923. It appears that the city treasurer levied upon the mortgaged property for non-payment of said tax February 1, 1923, and that the respond-

ent did not advertise said property for sale until twenty days thereafter.

The mortgage deed provides that it is given upon the express condition that the mortgagors shall pay the note with interest thereon "and shall also pay all taxes and assessments of every kind levied or assessed upon or in respect to said premises." It provides that "if default shall be made in the payment. . . of the taxes or assessments as the same become payable, or of any or either of them, or any part thereof" that the mortgagee may sell said mortgaged premises at public auction.

The complainants argue that the respondent is not entitled to claim a default in the conditions of the mortgage for non-payment of taxes. This argument is based upon the assertion that the mortgagee's deed executed on the day of the sale states that the sale was made for default in payment of interest. This deed was not introduced in evidence during the trial and any statement in it, as to the reason for making the foreclosure sale, even if competent evidence, cannot be considered, as the statute provides (1) that no new testimony shall be presented on appeal. Section 30, Chapter 289, General Laws, 1909.

It is competent for a covenant in a mortgage to provide that the mortgagor will pay all taxes assessed upon the mortgaged property during the life of the mortgage and that a default on the part of the mortgagor to pay the taxes shall constitute a breach of the conditions of the mortgage so as to authorize a foreclosure, although there be no default in the payment of the mortgage deed or interest. 27 Cyc. 1254. A case in which a foreclosure sale of real estate was sustained for breach of condition for non-payment of taxes, although there was no default in the payment of the principal or interest, is *Silva v. Turner*, 166 Mass. 407; see also *Mackay v. Truchon*, (Mo.) 153 S. W. 502.

As the evidence clearly proves that there was a breach of the condition contained in the mortgage to pay the taxes assessed upon the mortgaged property the finding of

the trial justice that the mortgagors had performed each and all of the conditions contained in said mortgage deed is against the evidence.

The appeal of the respondent is sustained; the decree appealed from is reversed, and the cause is remanded to the Superior Court with direction to enter a decree dismissing the bill of complaint with costs.

*Francis E. Sullivan,* for complainants.

*Charles R. Easton,* for respondent.