### WILLIAMS et al. v. SARGENT.

(District Court, D. Massachusetts. April 22, 1924.)

#### No. 1890.

Mortgages ☞310—Mortgagor held entitled to release of property under provisions of mortgage.

Where under the state decisions breach of condition by a mortgagor by failure to pay installments of the debt when due is curable by payment, even after foreclosure suit is begun tender of payment of delinquent taxes after suit brought, and an offer to deposit past-due interest, where validity of the mortgage is contested and the security is ample, *held* to entitle the mortgagor to enforce a provision of the mortgage for release of portions of the property on payment of a stipulated sum.

In Equity. Suit by Fred H. Williams and another, trustees in bankruptcy of the Inter-City Trust, against Ezekiel C. Sargent. On petition by complainants for an order requiring defendant to release certain property from mortgage. Granted.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Joseph B. Jacobs, of Boston, Mass., for plaintiffs.

George W. Abele, of Boston, Mass., for defendant.

George E. Adams and Elbridge R. Anderson, both of Boston, Mass., for Clarence Burgin.

MORTON, District Judge. The plaintiffs, as trustees in bankruptcy of the Inter-City Trust, filed a bill for the cancellation as a preference of a mortgage on real estate given by it to the defendant Sargent and subsequently assigned by him to Burgin, the present holder. After the bankruptcy petition had been filed Burgin began foreclosure proceedings which are being held in abeyance pending the suit. The defendant has answered denying that the mortgagor was insolvent and that the mortgage was a preference. Burgin also alleges that if it was a preference he did not know nor have reasonable cause to believe that to be the fact when he bought it of Sargent. The mortgage contained a stipulation that the mortgagee would release, upon the request of the mortgagor, such tracts as the mortgagor might designate upon payment of three cents per square foot.

Pending this suit the trustees have received advantageous offers for certain parcels of the real estate covered by the mortgage and have requested the mortgagee to execute partial releases. Upon his refusal to do so, the present petition was filed by them praying for an order compelling him to carry out the agreement in the mortgage. The mortgagee claims that taxes and interest to the amount of about $5,000 are in arrears and unpaid; that the condition of the mortgage has thereby been broken; that the mortgagor and its representatives have therefore no right to the partial releases which are demanded. In reply the plaintiffs offer to pay the taxes and to deposit in any designated bank a sufficient sum to pay the overdue interest, and they say that, if the mortgage be adjudged valid, they intend to pay all sums secured by it and to exonerate the property. The security is ample; there is a second mortgage for a substantial amount behind the first mortgage here in question.

The real question is whether the plaintiffs, who are disputing the validity of the mortgage, but are ready to pay it if it be adjudged valid, are entitled pending the suit to call upon the respondent to execute partial releases in accordance with its terms. It has been decided that a mortgagor's breach of condition by failure to pay an installment of the debt when due did not give an absolute right of foreclosure, but can be cured by tender of the sum due even after foreclosure proceedings have been instituted. Hawkinson v. Banaghan, 203 Mass. 591, 89 N. E. 1054. It follows that the failure to pay the taxes and interest in this case was at worst a curable breach, not going to the essence of the mortgage contract, and that the provisions of the mortgage with respect to releases are still in force.

The equities appear to me to be with the trustees. If the mortgage be valid, as the mortgagee asserts, he is bound by its terms until by foreclosure or otherwise it has become functus officio. If the mortgage be not valid, he is not injured by giving the releases to remove a cloud which his own wrong has placed upon the property. In other words,

the mortgage ought to be treated as valid in respect to its provisions for partial releases until the invalidity is decreed. Burgin's answer contains no allegation that he bought from Sargent before the adjudication, as is required by section 70e to constitute a bona fide purchase. I do not think that the mortgagee has the right to condition his giving releases by insisting upon payments to him of interest to which, if the mortgage be invalid, he is not entitled, nor that the court has power to compel the execution of partial releases, except in accordance with the provisions of the mortgage. It is not to be lost sight of that the security is ample; if it were not, a very different case would be presented.

Under the circumstances, I think that the mortgagee or his assignee is bound to release upon request and payment as provided in the mortgage, such payment to be made and received without prejudice to the rights of the parties, and to be recovered by the trustees if the mortgage be declared invalid.

Ordered accordingly.