ELISA GUNTHER *vs.* OTTO GUNTHER.

Suffolk.   March 18, 1902. — April 2, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Contract,* Consideration.  *Practice, Civil.   Discretion of Court.*

A contract that, if the plaintiff, a widow, would deliver to the defendant, her father in law, the clothes, watch and other property of her late husband and would assent to the appointment of the defendant as administrator of his estate, the defendant would pay the plaintiff $1,000, when it has been wholly performed on the part of the plaintiff, furnishes a good consideration for the defendant's promise.

The refusal of a request for a ruling which singles out only one or two circumstances from many bearing upon the question involved is within the discretion of the presiding judge.

CONTRACT by the widow of Julius A. Gunther against the father of her late husband on an alleged oral agreement to pay the plaintiff $1,000.   Writ dated November 8, 1900.

In the Superior Court *Richardson,* J. refused to rule that the plaintiff could not recover and also refused other rulings requested by the defendant which are referred to by the court.

The jury returned a verdict for the plaintiff in the sum of $1,028.50 ; and the defendant alleged exceptions.

*M. L. Jennings, S. A. Jennings & G. A. Flynn,* for the defendant.

*T. F. Meehan,* for the plaintiff.

HAMMOND, J.   The contention of the plaintiff is that in consideration that she would deliver to the defendant the goods and effects of the estate of her late husband, namely, his clothes, watch and other property, and would assent to the appointment of the defendant as the administrator of the estate the defendant agreed to pay her $1,000 ; and that she has fully performed her part of the contract.

The evidence in support of this contention is not very strong, and a verdict for the defendant might reasonably have been expected.   It was strong enough, however, to present a case for the jury, and we cannot say, as matter of law, that they were not warranted in finding that the contract was made, that the

plaintiff had fully performed her part of it, and that she had never repudiated it.

The defendant urges that inasmuch as the property did not belong to the plaintiff there was no consideration for the defendant's promise. The property, however, belonged to the estate of her deceased husband. There is no evidence that the debts, if any, were sufficient to exhaust it, and in any event the Probate Court, upon her application, could and probably would have granted an allowance to her as the widow, and the sum so allowed could not have been reached by creditors of the estate. Whether there were creditors or not, she had substantial rights in or to the property, and her surrender of them was a sufficient consideration. For the same reason the court was right in refusing to give the third and sixth rulings requested by the defendant. Inasmuch as the fourth request singled out only one or two circumstances from many bearing upon the question involved, it was entirely within the discretion of the court whether or not it should be given.

For the same reason the judge rightly refused to rule that the return of the bank book to the plaintiff and her acceptance of the same was a repudiation of the contract. No error appears in the manner in which the judge dealt with these requests. The fifth request was given in substance.

*Exceptions overruled.*