*H. L. Boutwell*, (*W. H. Hastings* with him,) for the plaintiffs.

---

MINNIE ST. JOHN *vs.* NELSON ST. JOHN & trustee.

Hampden.    January 3, 1916. — March 1, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Contract*, Performance and breach. *Damages*, In contract.

Where a married woman, who had left her husband on account of his habits of intoxication and had obtained work as a mill operative, was induced to return to her former home by a promise of her father-in-law to pay her $1,000 if she

with her husband would make a.home for the father-in-law, whereupon she accepted the offer and provided a home for her father-in-law as long as he remained there, but he soon married again and voluntarily took up his residence elsewhere and refused to pay the $1,000 or any part of it, in an action against him by his daughter-in-law for breach of contract, it was *held*, that; the defendant having rendered further performance by the plaintiff impossible, the plaintiff, who had performed her contract as far as she could, was entitled to recover damages.

In the same case, it also was *held*, that, the defendant having failed to make any provision in the contract for the contingency of his marrying again and leaving the house of his son in a short time, was liable to the plaintiff for the full amount of $1,000 which he had agreed to pay her.

CONTRACT for $1,000 alleged to be due to the plaintiff under an oral agreement described in the opinion. Writ dated October 18,. 1913.

In the Superior Court the case was tried before *Hamilton,* J., who at the close of the evidence, which is described in the opinion, refused to rule that the plaintiff could not recover or to rule that the plaintiff could not recover $1,000 as damages. The judge submitted the case to the jury and instructed them that if the plaintiff was entitled to recover anything she was entitled to recover $1,000. The jury returned a verdict for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. H. McClintock, E. A. McClintock & J. F. Jennings,* for the defendant.

*H. B. Montague & A. R. Greeley,* for the plaintiff.

BRALEY, J. The plaintiff, her husband and child, and the defendant, her father-in-law, a widower, lived together as a family in this Commonwealth until in consequence of the husband's habits of intoxication she left her home taking her child, and secured work in another State as an operative in a knitting mill. It was uncontroverted that shortly thereafter she was solicited by the defendant to return and re-establish the home. And while the pecuniary conditions upon which this was to be done were in dispute, the jury upon conflicting evidence would have been warranted in finding that the parties entered into the contract set out in the amended declaration. The words "make a home with her husband for the defendant" mean as construed by the judge at the trial, that the plaintiff should furnish him with shelter and food so long as he remained with the family. It is plain that no obliga-

tion was imposed to provide him with permanent support wherever he might choose to reside. The defendant being under no obligation to remain longer than he pleased, the jury could find that after a short time, having married again, he voluntarily left and took up his residence elsewhere.

It follows that, the defendant having rendered further performance impossible, the plaintiff, having done all on her part that the contract required, is entitled to damages for the breach. *Byrne* v. *Dorey,* 221 Mass. 399, and cases cited.

The measure of recovery remains for determination. The declaration alleges as the consideration, that the defendant agreed to "give the plaintiff one half of a certain mortgage note valued at $2,000 or the equivalent of the same in cash" upon her return with him to their former home. It may be when he made the promise that the defendant did not expect to remarry. But this contingency as well as the possibility that he might die before the full consideration had been actually earned were not guarded against and form no part of the contract. Having complied with the condition, we see no reason why the plaintiff should not recover the amount stipulated. *Gardner* v. *Denison,* 217 Mass. 492. *Gunther* v. *Gunther,* 181 Mass. 217. *White* v. *Solomon,* 164 Mass. 516. *Earle* v. *Angell,* 157 Mass. 294. No error is shown in the refusals to rule or in the rulings given.

*Exceptions overruled.*