AMERICAN HOUSE HOTEL COMPANY *vs.* AUGUSTUS HEMENWAY & others, trustees.

Suffolk.    November 17, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Mortgage,* Of real estate: statutory form, foreclosure. *Equity Jurisdiction,* To enjoin foreclosure of mortgage.

Where a mortgage of real estate in the statutory form set out in St. 1912, c. 502, § 6, contains also a provision that the mortgagor "shall pay when due and payable all taxes, charges and assessments, to whomsoever and whenever laid or assessed, whether on the mortgaged premises or on any interest therein, or on the debt or obligation secured thereby," such additional agreement is included within the scope of the statutory condition and power.

In a suit in equity to enjoin the foreclosure, for non-payment of taxes, of the mortgage above described, which secured the payment of $500,000, a finding by the judge that the mortgagee had not waived the additional provision was *held* not to have been plainly wrong; and, the whole amount of $500,000 having become due upon the breach of the condition in the non-payment of the taxes, so that the breach was not merely technical, it also was *held,* that the mortgagor was bound by the contract which he had made, although the record disclosed a case of hardship to him; and the suit was dismissed.

BILL IN EQUITY, filed in the Superior Court on April 22, 1920, to enjoin the foreclosure of a mortgage given to secure the payment of a note of $550,000, of which $500,000 was due.

The suit was heard by *Fox,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. The judge filed a memorandum reading as follows:

"The plaintiff took the American House [hotel property in Boston] after it had been closed for some time, spent large sums in repairs and renovation, and it is now yielding a considerable net revenue. It has a second mortgage upon it of $200,000, and its fair value is $800,000 or more. But in the present state of the money market, the plaintiff could not replace the present first mortgage without considerable difficulty, and then only at a higher rate of interest. The present mortgage bears 4% interest, and, except for the option hereinafter referred to, does not become due until June, 1921. As the taxes which were in arrears

have now been paid, this would be a proper case for equitable relief, except for the clause in the mortgage that 'in case any default in the condition of this mortgage shall exist for more than thirty days, the entire mortgage debt shall become due at the option of the holder hereof.' The defendants have exercised their option under that clause, and now demand payment of the entire debt.

"The short answer to the plaintiff's contention that the word 'condition' does not refer to the statutory condition is that there is no other condition in the mortgage.

"The question whether the agreements contained in the mortgage run with the land is immaterial. No suit has been brought upon any agreement. The mortgage determines the rights of mortgagor and mortgagee in the security and the mortgagor cannot diminish the mortgagee's right by transferring his own.

"Upon the question of waiver, I find that Mr. Dunbar had authority to act for his clients, but his letters and conversation amounted at most to an offer to waive, and this offer was withdrawn before it had been acted upon.

"A decree may be entered dismissing the bill, if the defendants will stipulate that upon terms satisfactory to the court there shall be no foreclosure pending the consideration and determination of this case by the Supreme Judicial Court."

A stipulation having been entered into accordingly, a final decree was entered dismissing the bill; and the plaintiff appealed.

*A. Whiteside*, for the plaintiff.

*E. F. McClennen*, for the defendants.

DE COURCY, J. This is an appeal from a final decree dismissing a bill in equity. The bill was brought to enjoin the defendants from foreclosing a mortgage held by them on the plaintiff's property. The mortgage, which is now for $500,000 and payable June 10, 1921, is in the form set out in St. 1912, c. 502, § 6, with certain additions referred to later. It contains the clause, "This mortgage is upon the statutory condition, for any breach of which the mortgagees shall have the statutory power of sale." This condition and power are defined at length in said § 6. The provision therein as to taxes is, that the mortgagor "shall pay when due and payable all taxes, charges and assessments, to whomsoever and whenever laid or assessed, whether on the mortgaged

premises or on any interest therein, or on the debt or obligation secured thereby."

The statute provides (§ 1) "The following forms may be used and shall be sufficient for their respective purposes, and they may be altered as circumstances may require. . . ." The mortgage under consideration contained certain agreements that do not appear in the printed statutory form. One of these, which now is material, is "that in case any default in the condition of this mortgage shall exist for more than thirty days the entire mortgage debt shall become due at the option of the holder hereof." It is strongly urged that the word "condition" in this clause is not applicable to the "statutory condition" which requires the prompt payment of taxes. But the statutory condition "may be incorporated in any mortgage by reference." § 6. It was so incorporated in this mortgage, and contained the above quoted provision for the payment of taxes when due. In fact this usual obligation on the part of the mortgagor is not otherwise provided for in the mortgage. The statutory power is expressly made applicable to "any default in the performance or observance of the foregoing, or other condition." It seems to us that the parties intended to include this somewhat drastic additional agreement, making the entire debt due in case of any default, within the scope of the statutory condition and power.

There was default in the payment of taxes when due. Those assessed on the property for 1918 were not fully paid until December, 1919. The taxes assessed as of April 1, 1919, were not paid when the defendants gave notice, on December 17, 1919, that they exercised their option and declared the entire principal due and payable. This declaration was confirmed by the notice of March 16, 1920; and on April 6, 1920, foreclosure proceedings were begun by publishing the notice of sale. The 1919 taxes were not paid until April 22, 1920.

By the terms of the mortgage the whole amount became payable thirty days after default in the performance of the condition; and this was applicable to a default in the payment of taxes. See *Hawkinson* v. *Banaghan,* 203 Mass. 591, 594. The presence of this clause in the mortgage distinguishes the present case from those involving a mere technical breach which was promptly cured, like *McCombs* v. *Elmes,* 197 Mass. 19. On the question of

waiver the trial judge found that Mr. Dunbar had authority to act for his clients, "but his letters and conversation amounted at most to an offer to waive, and this offer was withdrawn before it had been acted upon." He had the advantage of seeing the witnesses. We cannot say that he was plainly wrong. The absence of a waiver distinguishes this case from *Ver Planck* v. *Godfrey*, 42 App. Div. (N. Y.) 16, relied on by the plaintiff. And see *French* v. *Row*, 77 Hun, 380.

The record discloses a case of hardship to the plaintiff, which has expended large sums upon the property, and apparently cannot replace the mortgage at this time, at the same rate of interest. But in the absence of fraud, accident or mistake, it is bound by the contract it made.

*Decree affirmed.*