LEOPOLD G. GREENE, trustee, vs. EDITH A. RICHARDS.

Suffolk.   March 8, 1923. — April 13, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Mortgage,* Of real estate: foreclosure.   *Equity Jurisdiction,* To enjoin foreclosure of mortgage of real estate.   *Contract,* Validity.

A mortgage of real estate dated December 31, 1919, maturing in five years from its date and bearing interest at six per cent per annum payable quarterly contained a provision that "The mortgagor agrees with the mortgagee to put in within four months two complete bathrooms upon the second floor of the building upon the mortgaged premises, said bathrooms to be similar to the bathrooms upon the first floor. . . . The performance of the agreement contained in this paragraph is made part of the condition hereinafter referred to and upon breach of this or any part of the said condition the entire sum secured by this mortgage shall immediately become due and payable.  This mortgage is upon the statutory condition (with the above addition) for any breach of which the mortgagee shall have the statutory power of sale."  At the hearing of a bill in equity, brought within three years of the date of the mortgage, to enjoin its foreclosure, the judge found that the plaintiff within the time specified in the condition constructed a bathroom on the second floor without a toilet; that the bathroom on the first floor contained a toilet; that the plaintiff had not paid the interest or taxes when due but at the time that foreclosure proceedings were started all overdue interest and taxes had been paid to the knowledge of the defendant, and that the defendant did not know of the condition of the bathroom.  The judge ruled that acceptance of the interest was a waiver of the right to foreclose and that as matter of law a "bathroom" does not necessarily call for a toilet.  *Held,* that

(1) The provision in the mortgage that "upon breach of . . . any part of the said condition the entire sum secured by this mortgage shall immediately become due and payable" was legal and binding;

(2) The defendant had the right to foreclose for non-payment of the principal;

(3) There was a breach of the agreement to put in a bathroom "similar to the bathroom upon the first floor," and a consequent breach of the condition of the mortgage which justified a foreclosure;

(4) The fact that at the time the foreclosure proceedings were begun the defendant had no knowledge of the breach of condition relative to the construction of the bathroom did not prevent that breach from being embraced in the proceedings after the defendant became aware thereof.

BILL IN EQUITY, filed in the Superior Court on August 19, 1922, by the owner of the equity of redemption in certain real estate against the owner of a first mortgage thereon, to enjoin

the defendant from foreclosing the mortgage or in any way interfering with the mortgaged premises and for other relief. The holder of a second mortgage upon the premises filed a petition to intervene and was made a party plaintiff.

In the Superior Court, the suit was heard by *Morton, J.,* who made findings and rulings described in the opinion, and by whose order a final decree was entered that the foreclosure proceedings were not justified, and enjoining the defendant from taking further action to consummate them and from further holding possession of the mortgaged premises and receiving the rents and profits thereof. The defendant appealed.

*A. L. Richards,* for the defendant.

*J. Bon,* for the plaintiff.

PIERCE, J. This is an appeal from a final decree restraining the defendant from foreclosing a mortgage upon premises owned by the plaintiff. The bill was brought by the plaintiff as a trustee owner of an estate subject to a mortgage for $6,300, dated December 31, 1919, owned and held by the defendant. The mortgage matures in five years from its date and bears interest at six per cent per annum payable quarterly, as provided in a note of even date. It contains the provisions: "The mortgagor has the privilege of paying the whole or any part of the mortgage debt upon thirty days' notice. The mortgagor agrees with the mortgagee to put in within four months two complete bathrooms upon the second floor of the building upon the mortgaged premises, said bathrooms to be similar to the bathrooms upon the first floor, plumbing to be open and satisfactory to the Building Department of the City of Boston, the said bathrooms to be wholly within the outside walls of the building. The performance of the agreement contained in this paragraph is made part of the condition hereinafter referred to and upon breach of this or any part of the said condition the entire sum secured by this mortgage shall immediately become due and payable. This mortgage is upon the statutory condition (with the above addition) for any breach of which the mortgagee shall have the statutory power of sale."

The judge of the Superior Court found that the plaintiff had not paid the interest or taxes when due, but that at the time that foreclosure proceedings were started, all overdue interest and taxes

had been paid, to the knowledge of the defendant, and she did not know of the condition of the bathroom. The judge also found that "the defendant in foreclosing apparently proceeded upon the theory that the failure to pay taxes and interest when due absolutely accelerated the payment of the principal, and that the acceptance of the interest thereafter was a matter of right and did not constitute a waiver of the right to call for the principal and to foreclose for failure to pay it;" and found and ruled that "the acceptance of interest under the circumstances stated was a waiver of the right to foreclose."

We think the ruling was wrong. The provision in the mortgage that "upon breach . . . or any part of the said condition the entire sum secured by this mortgage shall immediately become due and payable" is legal and binding; *Hawkinson v. Banaghan*, 203 Mass. 591, 595; *American House Hotel Co. v. Hemenway*, 237 Mass. 180, 182; and the defendant had the right to foreclose for non-payment of the principal. *American House Hotel Co., v. Hemenway, supra.* The "circumstances stated" in the finding show only that the defendant| accepted the overdue interest and taxes without knowledge of the condition of the bathroom. The facts therefore in themselves show that the defendant was without full knowldege of all conditions affecting her right to foreclose when she received the interest and taxes, from which receipt the judge ruled the defendant waived the right to foreclose. *Smith* v. *Dennie*, 6 Pick. 262. *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.* 185 Mass. 391. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133. No finding was made that the defendant intended by the receipt of interest and taxes to waive any right to call the principal sum or to foreclose the mortgage if such sum should not be paid.

The judge found the facts in regard to the bathroom to be as follows: "The plaintiff, within a few weeks after the giving of the mortgage, built a partition of studs and beaverboard across a room and therein installed a tub and washbowl with plumbing satisfactory to the city. She did not put a toilet therein. There was one in the bathroom on the first floor. A plaster partition could not be erected on account of the construction of the building. The one erected was built in a reasonably workmanlike manner. The plaintiff did not understand that the agreement

called for a toilet, there already being one on the second floor which, although an old one, was reasonably adapted to the use of the tenants. She did not mislead the defendant as to the absence of a toilet or as to the structure of the bathroom. There was nothing to prevent the defendant during the two and a half years that the bathroom has been in use from acquainting herself with the situation;" and ruled as a matter of law that "a 'bathroom' does not necessarily call for a toilet."

He further ruled, "In view of these facts and that the defendant did not bring the foreclosure proceedings based upon a breach of condition as to the bathroom, the foreclosure proceedings were not justified." We think there was a breach of the agreement to put in a bathroom and a consequent breach of the condition of the mortgage which justified a foreclosure. Whether as "a matter of law" a bathroom does or does not necessarily call for a toilet is entirely of no moment in this case, because the agreement and the condition called for bathrooms similar to bathrooms on the first floor of the same house, which bathrooms had toilets. The breach of condition to put in bathrooms similar to the bathrooms on the first floor existed unknown to the defendant when she began the foreclosure proceedings for breach of the condition to pay the accelerated principal, and we know no reason why proceedings to foreclose should not embrace the breach of the condition to put in bathrooms after the defendant acquired knowledge of such breach. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 376.

It results that the decree must be reversed and a decree entered dismissing the bill with costs.

*Decree accordingly.*