FRANK H. BROOKS *vs.* WILLIAM STONE.

Suffolk. March 9, 1926. — May 28, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Frauds, Statute of. Sales Act.*

A contract by a merchant to cut from large rolls of uncut carpeting pieces of carpets of different colors, sew, line and fit the carpet thus manufactured to, and lay it in, a certain room, falls within the exception to the statute of frauds contained in G. L. c. 106, § 6 (2).

CONTRACT for the price of a carpet. Writ in the Municipal Court of the City of Boston dated January 9, 1925.

Material facts appearing at the trial in the Municipal Court are stated in the opinion. The trial judge found for the plaintiff in the sum of $413 and reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*W. W. Risk*, for the defendant.

*H. Krinsky*, (*A. Rosen* with him,) for the plaintiff.

PIERCE, J. This case comes before this court on the appeal of the defendant from an order of the Municipal Court of the City of Boston "dismissing the report" in the above entitled cause.

The action is in contract to recover damages for the refusal by the defendant to accept and pay for two carpets to be

furnished cut, sewed, lined, fitted and laid, by the plaintiff, in an office in Boston at the request of the defendant. The plaintiff offered evidence tending to prove that he had a place of business in Boston, for the display of rugs and carpets; that the defendant went to the plaintiff's place of business and was shown samples of carpeting; that at a later day the plaintiff and defendant met at an office (which the defendant anticipated hiring), measurements were taken, and from a number of samples the defendant selected two colors of carpeting which the plaintiff carried in stock in large rolls, one color taking approximately one hundred and fifteen yards, and the other about seventy-one yards; that an oral order was given by the defendant to the plaintiff to furnish the material, cut, sew, size, and lay the carpets in three rooms for the sum of $948. On cross-examination, witnesses for the plaintiff in substance testified that the figure of $948 was arrived at by giving an approximate value of $799.80 to the carpeting, $100 to the cost of sewing and sizing, $35 to the laying and $50 to the lining.

The plaintiff proceeded with the work and completed the making of the carpets, which were never laid because the defendant "notified the plaintiff that he desired to cancel the order and refused to receive the carpets." The plaintiff admitted that the lining was never furnished, and that in fact said carpets were never laid or delivery made to the defendant. There was evidence for the plaintiff that the carpet, when made, had a value of one half the contract price, and might be worth $500 to $600 in its then condition, having been cut and sewed, if a customer could be found.

On the foregoing facts the judge found for the plaintiff in the sum of $413, and at the request of the defendant reported the case to the Appellate Division where, upon hearing, the order was made "report dismissed."

The only question which was presented to the judge and is now argued on the defendant's brief is, does the case on its facts fall within the exception to the statute of frauds contained in G. L. c. 106, § 6 (2) which reads: "if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of

the seller's business, this section shall not apply." The case is governed by *Mixer* v. *Howarth*, 21 Pick. 205, *Goddard* v. *Binney*, 115 Mass. 450, *Adams* v. *Cohen*, 242 Mass. 17. No title to the carpeting passed to the defendant so long as it remained a part of and uncut from the large rolls. It was the agreement that the necessary carpeting to make the carpet should be cut from the rolls, sized, shaped and sewed to make a carpet of a size and shape to fit a special room or rooms. It is plain such a carpet is not suitable for sale to others in the ordinary course of the plaintiff's business. To rip it apart would destroy its integrity as a carpet and leave the component lengths to be sold at a price, if a buyer could be found for them. The judge properly refused all the requests of the defendant for rulings of law.

The order "report dismissed" is affirmed.

*So ordered.*