CHARLESTOWN FIVE CENTS SAVINGS BANK *vs.* BARNETT ZEFF & others.

Suffolk.   February 6, 1931. — May 25, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT & SANDERSON, JJ.

*Guaranty,* Construction.   *Contract,* Construction.   *Bills and Notes.*
  *Mortgage,* Of real estate: acceleration clause.

A corporation, by its president and treasurer, signed a negotiable promissory note for $60,000, payable in three years with interest payable quarterly and bearing across the end of its face a statement that it was secured by a mortgage of certain real estate which was recorded in a certain registry of deeds. On the back the president and treasurer of the corporation and a third person had signed a guaranty "to pay the above note and interest, according to the tenor thereof, waiving demand and notice." The mortgage recited that it was to secure payment of $60,000 with interest "as provided in a certain note of even date, and also to secure the performance of all agreements herein contained . . . It is also agreed . . . that in case any default in the condition of this mortgage shall exist for more than thirty days the entire mortgage debt shall become due at the option of the holder hereof." The maker defaulted in the third interest payment and the mortgagee foreclosed the mortgage by a sale, the net proceeds of which were less than $60,000, and brought an action against the guarantors for the balance due on the principal. The defendants contended that the action was brought prematurely. *Held,* that

(1) The note, guaranty and mortgage, having been executed contemporaneously as one transaction, were to be construed together;

(2) The note purported on its face to be a mortgage note, and the reference on the note to the mortgage, which formed a part of the single

transaction, incorporated into the note the terms and conditions of the mortgage;

(3) The provision in the mortgage for acceleration of the maturity of the note in case of continued default for more than thirty days was equally valid and binding upon the maker of the note and upon the guarantors.

(4) There was no merit in the defendants' contention.

CONTRACT against Barnett Zeff, Nathan Rottenberg and Benjamin Weiner upon a guaranty, written under a note for $60,000, signed in behalf of The South Boston Construction Co. by Weiner and Zeff as its treasurer and president. Writ in the Municipal Court of the City of Boston dated July 15, 1930.

Material evidence at the trial in the Municipal Court is described in the opinion. The judge found for the defendants and reported the action to the Appellate Division. The report was ordered dismissed. The plaintiff appealed.

The case was submitted on briefs.

*W. W. Stover & J. R. Salmon*, for the plaintiff.

*S. B. Stein*, for the defendant Zeff.

CROSBY, J. The plaintiff seeks to recover from the defendants, as guarantors, the balance of the principal and interest remaining unpaid on a mortgage note after crediting thereon the net proceeds received by the plaintiff from a foreclosure sale of the premises described in the mortgage. The writ is dated July 15, 1930. The defendants Weiner and Rottenberg were defaulted. The remaining defendant, Zeff, in his answer pleaded several defences, all of which were waived at the trial except the one that the action was prematurely brought. The case was heard and determined solely on that issue. The trial judge refused to grant certain requests of the plaintiff and found for the defendants. He ruled that as to them under the contract of guaranty the note would not be due and payable until May 29, 1932. The case was reported to the Appellate Division which ordered that the report be dismissed. From this order the plaintiff appealed. The report contains all the material evidence.

The note was secured by a mortgage of real estate signed and delivered simultaneously therewith. The mortgage recites that it is given "to secure payment of sixty thousand

dollars in three years with interest at the rate of six per centum per annum, payable quarter yearly, as provided in a certain note of even date, and also to secure the performance of all agreements herein contained . . . It is also agreed . . . that in case any default in the condition of this mortgage shall exist for more than thirty days the entire mortgage debt shall become due at the option of the holder hereof." The note does not contain the above recitals, but across the end of it appears the following: "Secured by Mortgage of Real Estate at No. 236–50 Dorchester St., 225 East Eighth St., in the city or town of South Boston to be recorded in Suffolk Registry of Deeds." The mortgage was signed "The South Boston Construction Co. by Benny Weiner, Treasurer, by Barnett Zeff, President," and was dated, acknowledged and recorded May 29, 1929, that being the date of the note, and also the date of the guaranty which is written under the note as follows: "For Value Received, We jointly and severally guarantee and promise to pay the above note and interest, according to the tenor thereof, waiving demand and notice. No extension or indulgence or partial release shall prevent my remaining fully liable. Benny Weiner   Barnett Zeff . Nathan Rottenberg Witness, M. E. S. Clemons to all three." The quarterly interest on the note due February 28, 1930, was not paid when due, and as it remained unpaid on April 1, the plaintiff entered and took possession of the premises; on April 29, the default still continued and the plaintiff sold the premises at public auction under the power of sale in the mortgage. Pursuant to the terms of the acceleration clause in the mortgage, the plaintiff exercised its option as to the entire mortgage debt becoming due in the event of any default, and foreclosed the same for nonpayment of the principal debt as well as for the overdue interest. The net proceeds of the foreclosure sale amounted to $38,648.21, and this sum was credited on the note. On July 15, 1930, this action was brought against the defendants as guarantors to recover $21,351.79 — the unpaid balance of the note with interest from the date of the sale to the date of the writ. The single

issue to be determined is whether, as the note is dated May 29, 1929, payable "in three years," and the writ is dated July 15, 1930, the action was prematurely brought.

The guaranty is to be construed strictly, and the defendants are entitled to rely upon its terms. *Davis* v. *Wells*, 254 Mass. 118, 125. The liability of the guarantors is to be ascertained from the terms of the written instrument by which their obligation is expressed, construed according to the usual rules of interpretation in the light of the subject matter, and the relations of the parties to the transaction. *Zeo* v. *Loomis*, 246 Mass. 366, 368.

The note, guaranty and mortgage, having been executed contemporaneously as one transaction, are to be construed together. *Davis* v. *Wells*, 254 Mass. 118, 126. *Mayo* v. *Fitchburg & Leominster Street Railway*, 269 Mass. 118, 121. The note purported on its face to be a mortgage note. The reference to the mortgage, which formed a part of the single transaction, incorporated into the note the terms and conditions of the mortgage. *Strong* v. *Jackson*, 123 Mass. 60. *Jewett* v. *Tucker*, 139 Mass. 566, 575. *International Textbook Co.* v. *Martin*, 221 Mass. 1. "It has been settled in repeated cases, in this Commonwealth, that any memorandum annexed to a note of hand is part of such note, and enters into the construction of the contract, and controls or explains it." *Shaw* v. *Methodist Episcopal Society in Lowell*, 8 Met. 223, 226. Two of the guarantors, Zeff and Weiner, also signed the note and mortgage and had actual knowledge of the provisions of the mortgage. *Cumberland Glass Manuf. Co.* v. *Wheaton*, 208 Mass. 425, 431, 432. The provision in the mortgage for acceleration of the maturity of the note, in case of continued default for more than thirty days, was, therefore, applicable to the defendants' contract of guaranty. This acceleration agreement was equally valid and binding upon the maker of the note and upon the guarantors. *Hawkinson* v. *Banaghan*, 203 Mass. 591, 594. *American House Hotel Co.* v. *Hemenway*, 237 Mass. 180, 182. *Greene* v. *Richards*, 244 Mass. 495, 497. As the proceeds of the foreclosure sale were insufficient to pay the note in full,

the mortgagor and the guarantors became liable· for the deficiency.

The case of *Hampden Cotton Mills* v. *Payson*, 130 Mass. 88, relied on by the defendant Zeff, is not contrary to the conclusion here reached.   In that case the mortgage provided that, if the grantor should pay a certain sum with interest in a certain time, the mortgage and notes for the amount stated should be void.   The notes contained no reference to interest.   This court held that the amount of the mortgage debt was the amount due on the notes.

In the case at bar the mortgage merely affects the terms of payment, not the amount of the debt.   It follows that the ruling of the trial judge that "as to the defendants under their contract of guaranty, the note would not become due and payable until May 29, 1932, and that this action had been prematurely brought" was erroneous.   The plaintiff's requests for rulings, to the effect that the defendants under their contract of guaranty were liable at the time this action was brought, and that the plaintiff was entitled to judgment for the amount due on the note both for principal and interest, in the opinion of a majority of the court should have been granted.   The order of the Appellate Division dismissing the report is reversed, and judgment is to be entered for the plaintiff for $21,351.79, with interest from the date of the writ.

*So ordered.*