Riley, J.
This action of contract seeks the recovery of money due as an unpaid balance for certain goods made for the defendant and delivered to it and also money due for certain goods made for the defendant but not delivered due to the direction of the defendant. The answer consists of a general denial and payment. The trial judge found for the plaintiffs in the sum of $809.00.
The report contains an abundance of evidence, in more or less detail, tending to show that on or about April 25, 1946, the plaintiffs and the defendant had entered into an agreement relative to the manufacture of 4,000 wooden display stands in accordance 'with a sample at a price of sixty-five cents each.
In its aspect most favorable to the plaintiffs the evidence tended to show the following: On or about April 25, 1946 the defendant submitted to the plaintiffs a written order to manufacture 4,000 wooden display stands in accordance with samples submitted to the plaintiffs by the defendant. *41 The plaintiffs accepted this order subject to the qualification that the lumber for the manufacture of same was to be provided by the defendant, to be paid for by the plaintiffs by deducting ten cents from the price of each display stand, with the further qualification that if the lumber so provided was inadequate to provide for the manufacture of the full number of stands ordered the plaintiffs would not be obliged to make up a greater number of stands than could be produced from the lumber so supplied. Thereafter, the plaintiffs delivered to the defendant 500 stands at sixty-five cents each less ten cents each, amounting to $275.00, the dates of delivery and charges therefor being as follows:
June 13,1946 — 85 display stands at 65 f! each less $8.50 for lumber ..............$ 46.75
June 24,1946 — 250 display stands at 65^ each less $25. for lumber ...............$137.50
July 15,1946 — 165 display stands at 65?/ each less $16.50 for lumber..............$ 90.75
Total .................$275.00
These stands were fully paid for by the defendant on July 3, 1946. That in September 1946 the original agreement between the plaintiffs and the defendant relative to the manufacture of said stands was modified by mutual consent to the extent that the stands thereafter to be delivered should be paid for at the rate of seventy-five cents per unit and that thereafter the plaintiffs delivered to the defendant in accordance with the modified agreement 500 display stands, the dates of delivery and charges therefor being as follows:
Oct. 7,1946 — 250 display stands at 75<¡¡ each less $25 for lumber..................$162.50
Oct. 28,1946 — 250 display stands at 75?/; each less $25 for lumber .. .•...............$162.50
Total .................$325.00
*42 These stands were paid for as follows: Oct. 14, 1946, $162.50; Nov. 18, 1946, $162.50; Total payment, $325.00.
That on or about the early part of December 1946, the agreement between the parties was further modified by mutual consent to the extent that thereafter the defendant was to pay for each stand manufactured and delivered the sum of eighty-five cents instead of the lower prices previously agreed upon. That thereafter the plaintiffs delivered to the defendant 1,000 display stands at eighty-five cents each, the dates of such delivery and the amounts charged therefor being as follows:
Dec. 21,1946 — 250 display stands at 85^ each less $25. for lumber..........$187.50
Jan. 2,1947 — 250 display stands at 85^ each less $25. for lumber ..........$187.50
March 10,1947 — 500 display stands at 85^ each less $50. for lumber ..........$375.00
Total .................$750.00
The following payment was made on account of the foregoing deliveries: Jan. 3, 1947, $187.50; Jan. 20, 1947, $187.50; Total of these payments, $375.00, leaving an unpaid balance due on account of 500 stands delivered on March 10, 1947 amounting to $375. That thereafter the plaintiffs in compliance with the modification of the agreement between the parties last above referred to, cut up the remainder of the lumber supplied by the defendant to the plaintiffs, manufactured the display stands in accordance with sample and offered to deliver 868 display stands each less ten cents for the lumber. That after the plaintiff had completed the manufacture of these stands with the exception that they had not been painted, the defendant sent to the plaintiffs the following letter: “March 21, 1947; Philip & William Swartz; 32 Irma Street; Dorchester 24, Mass. *43 Gentlemen: Enclosed please find our check #4261 together with an itemized statement of your account which closed the transaction up to this present date. We also wish to cancel the balance of our order #566 calling for 4,000 display stands like sample submitted at the rate of 65^ each. Had you delivered to us these display stands during May, June and July 1946 or August, we would have been able to use the entire order and the quantity which we placed with you. Due to your inability in producing these display stands to us and also our not being able to get rid of the display stands which you have delivered to us within the past few months, we feel justified in cancelling the balance of the order. Trusting that this will be satisfactory to you, we are Very truly yours, Filter-Kleen Manufacturing Co.; Samuel Lieberman.

Swartz Bros.

Stands Delivered

June 13th... ...85
June 24th... ...250
July 15th... ...165 500
Oct. 7 ... 250
Oct. 28 ... 250
Dec. 21 ... 250
Jan. 9 ... 250
Mar. 10 .., 500
2,000 stands @ .65 ¡= $1,300.00

Money Advanced

April 26th F. D. Sterritt Lumber Co.....300.00
July 3rd Philip Swartz..............275.00
Oct. 16th “ “ 162.50
Nov. 12th “ “ 162.50
Dec. 3rd “ “ 187.50
Jan. 15th “ “ ..............187.50 1,275.00
$ 25.00”
*44 That after receipt of the above letter the plaintiffs' offered to deliver the 868 stands and that the defendants declined to accept them.
The trial judge found all the foregoing evidence <to be facts, and also found as a fact “that due to the special make, style ahd use of said display stands, the 868 which the defendant refused to accept are of no value to the plaintiffs and cannot be sold elsewhere, and that the plaintiffs charge for work done on these 868 stands in the amount of $434.00, to be fair and reasonable. ’ ’
At the proper time the defendant filed the following requests for rulings:
“ (1) If it appears that on or about September 1, A. D. 1946, the defendant agreed, in consideration that the plaintiffs should deliver the balance of his order within thirty days, to pay therefor an additional sum of 10 cents for each unit thereof, the plaintiffs are not entitled thereto unless it is established by a fair preponderance of the evidence that the balance of the order was completed within the time so specified. Denied.* As I do not find that at the time the defendant agreed to pay art additional sum of 10 cents for each unit which the plaintiffs were to manufacture and deliver, he specified, as a condition of said agreement a definite time within which the balance of the order was to be completed. (2) If it appears that on or about December 1, A. D. 1946 the defendant agreed, in consideration that the plaintiffs should deliver the balance of his order within thirty days, to pay therefor an additional sum of 85 cents for each unit thereof, the plaintiffs are not entitled thereto unless it is established by a fair preponderance of the evidence that the balance of the order was completed within the time so specified. Denied. As I do not find that when the defendant agreed to pay the sum of 85 cents for each unit to be manufactured a-nd, delivered by the plaintiff, *45 he specified any definite time within which the balance of the order was to be completed. (3) If it appears that the merchandise manufactured by the plaintiffs for the defendant as set forth in Count 4 of their declaration is not finished in accordance with the sample, the plaintiffs cannot recover upon Count 4. Denied. As inapplicable as I find as a fact that when the merchandise ordered had been fully completed by the plaintiffs with the exception that the units had not been painted, the defendant cancelled the order so far as it was not then completed, thus depriving the plaintiffs of a reasonable opportunity to complete the painting of the units. (4) If it appears that the plaintiffs agreed to deliver the merchandise within ninety days from the date of the order, April 25, 1946, the defendant had a right to decline to accept delivery after the tenth day of March A. D. 1947. Denied. As I do not find that the plaintiff agreed to deliver the merchandise within 90 days from the date of the order therein referred to. (5) The plaintiffs were bound to deliver the merchandise ordered by the defendant on the twenty-fifth day of April A. D. 1946, within a reasonable time thereafter and the defendant had a right to refuse to receive the merchandise after the expiration of a reasonable time. I rule that the plaintiffs were bound to deliver the merchandise ordered by the defendant on the 25th day of April, 1946 within a reasonable time thereafter, but 1 find as a fact that before the expiration of such time the defendant unjustifiably cancelled the order so far as concerned the number of units which had not then been delivered. Except as herein specified, said request is denied. (6) If it appears that the plaintiffs and defendant entered into a contract for the manufacture of 4,000 display stands according to a sample submitted by the defendant to the plaintiffs for the sum of 65 cents each and that thereafter the defendant agreed to pay to the plaintiffs an additional sum for the manufacture of each of said display stands, the agreement, if any, to pay said additional sum was without consideration and is not binding upon the defendants. I find that the plaintiffs and defendant entered into a contract for the manufacture of 4,000 display stands according to a sample submitted *46 by the defendant to the plaintiffs for the sum of 65 cents each, subject to the qualification that the defendant ivas to furnish the lumber from which the stands were to be manufactured and the plaintiffs were not required to manufacture more stands than could be produced from the lumber so supplied and that the lumber supplied was not sufficient to provide for the manufacture of more than 2,868 stands, all of which were completed by the plaintiffs before the defendant can-celled the order, except that 868 of the stands had.not been painted when the order was cancelled. I further find that at each time when the plaintiff ashed for an increase in the unit price and the defendant acceeded to the request, the contract between them was modified to that extent by mutual consent, the consideration for such modification being in each instance the mutual release of each party by the other from their obligations under the contract as previously entered into.”
All the requests filed by the defendant were properly denied as being predicated on assumed facts which the trial judge did not find to be facts, or as being inapplicable to the facts that were found.
The evidence quite plainly discloses and justifies the finding of the trial judge that the plaintiffs having entered' into a contract with the defendant to manufacture a specific type of article, and having partly performed the contract, made known to the defendant their inability to continue-with performance at the price agreed upon and indicated their intention not to proceed unless an increased price were paid, and that the defendant in order to secure to himself the actual performance of the work instead of the right he had to proceed to collect damages from the plaintiffs for breach of contract, promised to pay the plaintiffs the additional price. Such finding rests upon the doctrine that under these circumstances there is a new consideration for the promise. Torrey v. Adams, 254 Mass. 22. On the evi *47 dence the terms of the agreement of the parties were properly determined as fact by the trial judge. Stoops v. Smith, 100 Mass. 63; Jennings v. Whitehead & Atherton Machine Co., 138 Mass. 594. Whether the contract was made and fully performed or repudiated is for the judge as a finder of facts. Gunther v. Gunther, 181 Mass. 217. The plaintiffs in the case at bar, having declared on the contract in Count one; on the contract at an increased price in Count two; on the contract at a still further increased price in Count three, and alleging in Count four that they did not fully complete their contract because of the breach first committed by the defendant (in what the trial judge found to be an unjustified cancellation of the contract) justified them in not so completing the performance and in alleging damages due to the defendant’s breach. Adams v. Cohen, 242 Mass. 17; Brooks v. Stone, 256 Mass. 167; Bucholz v. Green Bros. Co., 272 Mass. 49, 55. The plaintiffs on the pleadings in this case are not confined to proof of complete performance of the contract, but may prevail upon proving an honest intention, an attempt to perform, and substantial performance thereof. We find no error in the trial judge’s rulings on the defendant’s requests. Report dismissed.

 The trial court’s ruling and findings on each of the Defendant’s Requests . for Rulings are printed in italics following the request.