*Northern District*

No. 5136

GUIDO CETRONE, d-b-a CETRONE & SON
v.
PAUL LIVOLI, INC., ET AL

PAUL LIVOLI, INC.
v.
GUIDO CETRONE, d-b-a CETRONE & SON
alias GUIDO P. CETRONE

(August 2, 1957)

*Present:* GADSBY, P. J., ENO AND BROOKS, JJ.

*Brooks, J.* The first case is an action of contract, originally in two counts, with a subsequent addition of a third count and the discontinuance of the first count. Count two is for damages for failure to carry out a written contract to install bituminous concrete

walks and driveways in a Braintree housing development reading as follows:

CETRONE & SON
41 West Street
Newton 58, Mass.

Paul Livoli, Inc.
350 Lexington Street
Watertown 72, Massachusetts

RE: Granite Park
Braintree, Massachusetts

Gentlemen:

We propose to install the bituminous concrete walks and driveways at the above-captioned development for the price of 50c a square yard. All work is to be done in a good workmanship manner and guaranteed for a period of one (1) year after installation. All walks and driveways to be installed in a standard two (2) coat paving method.

We will furnish all labor necessary to complete said work, and all materials are to be supplied by you. We will commence work at once and complete the entire job not later than June 15, 1956.

CETRONE AND SON
BY: Guido Cetrone (signed)

Accepted by

Paul Livoli, Inc.

Count three is for grading at the same housing development. The answer is general denial and payment.

The second case is a cross action in contract to recover damages for defendant's failure to perform the said contract. The answer of defendant is general denial, payment, plaintiff's breach of contract.

The court found for plaintiff in the first case for $1,196.60 on count two and for $1,200 on count three and in the second case, it found for defendant.

The consolidated report is voluminous in reported testimony. Elaborate Requests for Rulings were filed in each case by both sides. It is unnecessary to recite the reported evidence in detail or to set forth the Requests for Rulings. We need only refer to enough of the testimony to justify our conclusion that the finding by the trial court in each case was without error.

There was credible evidence that Cetrone's men went to the projct prepared to install the bituminous concrete walks and driveways as called for in the contract but that they found the premises ungraded and requiring the spreading of gravel before black-topping could be applied; that Livoli told Cetrone to spread the gravel and that he, Livoli, would pay Cetrone "for all the labor used in spreading the gravel."

Cetrone testified that the men worked fourteen days spreading gravel, then were ordered off the job by Livoli; that he and Livoli talked the matter over and agreed to meet the next day to work the matter out, but that Livoli did not show up and that he did not see Livoli again, and that his men did not return to the job. Cetrone testified that he paid the men employed by him to spread the gravel $1,550, and that this was a fair and reasonable price. There was evidence supporting, supplementing, also contradicting the above testimony.

It could be inferred that Livoli ordered Cetrone's men off the job because, in his opinion, they were slow or inefficient. Also that they walked off the job without justification. There was evidence on the other hand that Livoli was slow and inefficient in supplying Cetrone with the gravel to spread, which accounted for the length of time taken to accomplish such work as they did, — a very small part of the total job.

Cetrone testified that out of the 50c per square yard he was to receive under the contract, his net

profit would be 20c per square yard and that the area totalled 6943 square yards. A witness for Livoli testified that the yardage to be black-topped was 5983 square yards.

The main issue of fact in this case is whether Cetrone or Livoli breached the contract. It is obvious from the court's action that it found that Livoli breached the contract by ordering Cetrone's men off the job, thereby releasing Cetrone from further obligation to perform. This finding must stand since it is not plainly wrong. *Dillon v. Framingham*, 288 Mass. 511, 513; *Herman v. Sadolf*, 294 Mass. 358, 360. In *McDonough v. Almy*, 218 Mass. 409, 417, the court said: "The judge correctly instructed the jury that if the defendant refused to permit the plaintiff to perform his contract and ordered him to stop work, that would amount to a breach of the contract on her part and their verdict should be for the plaintiff on the first count." See also: *St. John v. St. John*, 223 Mass. 137; *Davis v. Wells*, 254 Mass. 118, 123, 124. The court simply accepted Cetrone's rather than Livoli's version of what happened.

To hold that Livoli's breach of the contract released Cetrone from performance to black-top the area was not error since Livoli had made it impossible for Cetrone to continue the grading which was essential before he could even start work under the contract. Restatement, Contracts, §315. "Prevention or hindrance by a party to a contract of any occurrence or performance requisite under the contract for the creation or continuance of a right in favor of the other party or the discharge of a duty by him is a breach of contract unless, (a) the prevention or hindrance is caused or justified by the conduct of the other party, or (b) the terms of the contract are such that the risk of such prevention or hindrance as occurs has been assumed by the other party."

There was no error in the computation of damages. In the case of count two the court apparently

accepted the figure of 5983 yards, as testified by Livoli's witness. At 20c a yard, the amount recoverable under count two would be, as the court found, $1,196.60.

On count three the evidence warranted a finding that Livoli promised to pay "for all the labor used in spreading the gravel." Cetrone testified that he had six men on the job for 14 days, that he paid them $1,550 and that this was a fair and reasonable charge for their work. Whether this is based on a stipulated amount or fair value of services, there is evidence to support the court's finding of $1,200.

It may be observed that the complaint about damages is an issue which should have been raised by a motion for a new trial. Furthermore, as was said in *Statkus v. MTA*, 1956 AS 1445, 1447: "In this court, as an appellate tribunal, an award of damages must stand unless to permit it to stand was an abuse of discretion amounting to an error of law . . . which our decisions for this purpose have defined as judicial action that no conscientious judge, acting intelligently, could honestly have taken." See also: *Bartley v. Phillips*, 317 Mass. 35, 41, 44.

If the finding for plaintiff in the first case was correct, a finding for defendant in the second case necessarily follows.

The Requests for Rulings hinge primarily on the question of who breached the contract. These requests were disposed of consistently with the general finding.

*Consolidated report to be dismissed.*

William S. Monahan, for Livoli, Inc.
Marvin H. Margolies, for Petrone.